# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

Assigned on Briefs November 14, 2000 Session

## STATE OF TENNESSEE v. ANTERRIAN JUTIKI GUNN

**Direct Appeal from the Circuit Court for Robertson County**
**No. 99-0274     John H. Gasaway, III, Judge**

---

### No. M1999-02140-CCA-R3-CD - Filed July 25, 2001

---

The State of Tennessee appeals from the trial court grant of the defendant's, Anterrian Juitiki Gunn, motion to suppress. We reverse the trial judge's decision and remand pursuant to Tennessee Rule of Criminal Procedure 12 (e) for a determination of the essential facts necessary to determine the propriety of the trial court's granting of the defendant's motion to suppress.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, J., and NORMA MCGEE OGLE, J., joined.

Paul G. Summers, Attorney General & Reporter; Lucian D. Geise, Assistant Attorney General; John Carney, District Attorney General; Joel Perry, Assistant District Attorney, for appellant, State of Tennessee.

Ann Smith-Kroeger, Assistant Public Defender, for appellee, State of Tennessee.

## OPINION

On April 9, 1999, Officer Lonnie Smith of the City of Springfield Police Department, obtained a search warrant for Room 107 of the Royal Inn Motel and its occupant, the defendant. Probable cause for the search warrant was based upon information gathered from informants who claimed they had seen transactions involving cocaine made at the motel by the defendant. The warrant also noted that in May of 1998, the defendant had been accused of pulling a gun on two people at the Royal Inn.

On April 9, 1999, Officer Smith and other members of the Springfield Police Department executed the search warrant. The State presented evidence at the suppression hearing that, as they approached Room 107, an unknown person yelled, "Police," and the door slammed shut. The officer's immediately rammed the door and entered the room finding crack cocaine, $2600 in cash, electronic scales, and a pistol lying on the bed.

Tennessee Rule of Criminal Procedure 12 (e) requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Tenn. R. Crim. P. 12(e). The case before this court is a fact-driven case where the legal principles at issue turn almost solely on the trial court's interpretation of the facts. A specific, but not necessarily exhaustive, list of the trial court's findings should include the following issues:

(1)      whether the Police obtained a waiver of the knock and announce rule,

(2)      whether exigent circumstances existed for the Police, absent a waiver, to dispense with the knock and announce rule,

(3)      whether police announced their identity and purpose before entering the motel room,

(4)      and the credibility of the witnesses.

The trial court's Order granting the defendant's motion to suppress makes no factual findings in support of its conclusion.

Therefore, we REVERSE and REMAND in order for the trial court, pursuant to Tenn. R. Crim. P. 12(e), to make specific factual findings as outlined hereinabove.


_____

JERRY L. SMITH, JUDGE